UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUSTIN IRVEN BELL,<br><br>　　　　　Petitioner,<br><br>v.<br><br>ALICIA CARVER,<br><br>　　　　　Respondent. | Case No. 1:25-cv-00543-BLW<br><br>**INITIAL REVIEW ORDER** |

　　　　Petitioner Justin Irven Bell has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. *See Pet.*, Dkt. 1. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

REVIEW OF PETITION

1.　**Background**

　　　　In the Fifth Judicial District Court in Elmore County, Idaho, Petitioner pleaded guilty to failure to update his sex offender registration with respect to a vehicle Petitioner was driving. Petitioner contends that he did not, in fact, own the vehicle and, therefore, was not guilty of the offense. Petitioner was sentenced to a

unified term of seven years in prison with two years fixed. Petitioner did not file a direct appeal but did unsuccessfully pursue state post-conviction relief. *Pet*. at 1–3.

The Court construes the Petition as alleging the following claims:[1]

Claim 1: Ineffective assistance of trial counsel based on counsel's allegedly (a) hiding a witness—the owner of the vehicle—to force Petitioner to plead guilty; (b) failing to adequately represent Petition in plea negotiations based on an assault charge (purportedly used to induce Petitioner to plead guilty to the failure-to-update-registration charge) that was "tainted" and "without jurisdiction"; and (c) failing to adequately prepare the presentence investigation reports, resulting in a longer sentence than Petitioner should have received.

Claim 2: Prosecutorial misconduct based on the prosecutor's allegedly (a) misstating facts that were not supported by the evidence, such as that Petitioner was guilty of assault; (b) knowing that the vehicle did not, in fact, belong to Petitioner, yet prosecuting Petitioner anyway; (c) vouching for law enforcement witnesses; (d) conspiring with Petitioner's defense counsel to hide the witness who owned the vehicle; (e) failing to disclose favorable evidence to the defense in violation of *Brady v. Maryland*; and (f) using the "tainted" assault charge to induce a guilty plea.

Claim 3: Petitioner's guilty plea was not knowing, intelligent, and voluntary as a result of defense counsel's ineffective assistance and the prosecutor's misconduct. Though this claim also alleges "judicial abuse of authority," the body of the Petition does not contain any allegations against the judge in Petitioner's case.

---

[1] If the Court's construction of any claim is incorrect, Petitioner must inform the Court and Respondent of all corrections within 28 days after entry of this Order.

*Id*. at ECF p.6–30.

**2.    Discussion**

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). A petitioner must "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To properly exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If, in this case, Petitioner did not properly exhaust his claims in the Idaho Supreme Court before filing his federal Petition, he may face procedural challenges from Respondent. The Court does not have the full record before it to determine whether Petitioner has properly exhausted his claims. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will

be ordered to provide a copy of relevant portions of the state court record to this Court.

Accordingly, Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 1), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer on the merits if the motion is unsuccessful); or (2) an answer on the merits that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any

claims (which may be argued in the alternative). The Court may consider the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

3. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c). It is presumed that Petitioner has a copy of the state court record from his previous counsel. If Petitioner does not, Petitioner may file a motion to obtain relevant portions of the record, wherein Petitioner must state which portions of the state court record Petitioner does possess.

4. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within

INITIAL REVIEW ORDER - 5

28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

5. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

6. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

7. If any of Petitioner's claims is currently under consideration in state court proceedings, any party may file a motion to stay this case pending the outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

INITIAL REVIEW ORDER - 6

8. No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

9. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

11. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules

and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner must at all times keep the Court and Respondent advised of any change in address.

14. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent, within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: March 9, 2026

_____
B. Lynn Winmill
U.S. District Court Judge